**SEALED**

# EXHIBIT D

RECEIVED SEP 0 6 2013 THE FLORIDA BAR - MIAMI

# Supreme Court of Florida

TUESDAY, SEPTEMBER 3, 2013

CASE NO.: SC13-882
Lower Tribunal No(s).: 2013-70,966(11H-MDR)

IN RE: PETITION FOR DISCIPLINARY
REVOCATION OF VICTOR ARMANDO CAREAGA

---

The uncontested petition for disciplinary revocation, as provided by Rule 3-7.12, Rules Regulating The Florida Bar, without leave to seek readmission, is granted subject to the continuing jurisdiction of this Court. See Florida Bar v. Ross, 732 So. 2d 1037, 1040-42 (Fla. 1998). Disciplinary revocation is tantamount to disbarment. Florida Bar v. Hale, 762 So. 2d 515 (Fla. 2000). The disciplinary revocation shall be effective thirty days from the date of this order, as agreed by the Bar and petitioner, so that petitioner can close out his practice and protect the interests of existing clients. If petitioner notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the revocation effective immediately. Petitioner shall accept no new business from the date this order is filed. Inasmuch as petitioner's disciplinary revocation petition was submitted without leave to seek readmission, his revocation is permanent.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Victor Armando Careaga in the amount of $1,250.00, for which sum let execution issue.

Not final until time expires to file motion for rehearing, and if filed, determined. The filing of a motion for rehearing shall not alter the effective date of this revocation. As with disbarment, in seeking readmission to The Florida Bar, petitioner "may be admitted again only upon full compliance with the rules and regulations governing admission to the bar." R. Regulating Fla. Bar 3-7.10(n).

A True Copy
Test:

*Thomas D. Hall*
Thomas D. Hall
Clerk, Supreme Court

tw
Served:
KENNETH LAWRENCE MARVIN          ARLENE KALISH SANKEL
DAVID BILL ROTHMAN

IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

Complainant,

v.

VICTOR ARMANDO CAREAGA,

Respondent.

_____/

Supreme Court Case No.

The Florida Bar File No. 2015-70,586(11H-OSC)

## **PERMANENT DISBARMENT ON CONSENT**

VICTOR ARMANDO CAREAGA, Respondent, having been fully advised of his procedural rights under the Rules Regulating The Florida Bar, hereby tenders this Disbarment on Consent pursuant to Rule 3-5.1(f), Rules of Discipline, and says:

1. Respondent, Victor Armando Careaga, previously tendered a permanent disciplinary revocation which was approved, pursuant to Supreme Court Order dated September 3, 2013.

2. Respondent is 53 years old and was admitted to The Florida Bar on December 24, 1986.

3. Respondent is currently the subject of the above referenced Florida Bar disciplinary matter which has been assigned The Florida Bar File No. 2015-70,586(11H-OSC).

4. Respondent admits that the following facts are true and accurate and stipulates as follows:

A. This Court approved Respondent's Petition for Disciplinary Revocation on September 3, 2013.

B. Despite his disciplinary revocation, Respondent has engaged in the following acts in violation of this Court's Order:

C. On or about September 25, 2014, Respondent represented a client in a traffic matter in Miami-Dade County.

D. Thereafter, Respondent filed an Appearance and Written Plea of Not Guilty, on behalf of that client, using the name and Florida Bar number of another attorney without that attorney's knowledge or permission.

E. Respondent admits that his foregoing conduct constitutes contemptuous conduct and was in violation of the Florida Supreme Court Order dated September 3, 2013 approving his disciplinary revocation.

5. Pursuant to Rule 3-5.1(f) of the Rules Regulating The Florida Bar Respondent hereby tenders Disbarment on Consent wherein Respondent agrees to the following discipline:

Permanent Disbarment.

6. Respondent agrees to pay all costs reasonably incurred by The Florida Bar in the investigation of the aforesaid matter within thirty (30) days of the entry

2

of the Supreme Court's final order, plus interest at the prevailing statutory rate to accrue on all costs not paid within said time, unless time for payment is extended by the Board of Governors.

7. Respondent offers that the following factors apply in mitigation: 9:32(l) remorse. In addition, Respondent admits to assisting a close friend in that traffic matter and received no monetary compensation in that case.

8. Respondent agrees that the costs indicated below have been incurred in accordance with Rule 3-7.6(q) of the Rules Regulating The Florida Bar.

| | |
|---|---:|
| Administrative fee Rule 3-7.6(q)(1)(I) .................................... | $1,250.00 |
| Staff Investigator's costs..................... | 826.62 |
| **TOTAL:** | **$2,076.62** |

9. Respondent agrees that he will not attempt to discharge the obligation for the payment of the Bar's costs in any future proceedings, including but not limited to, a Petition for Bankruptcy.

10. Respondent recognizes that the disciplinary sanction to be imposed will ultimately be determined by the Supreme Court of Florida which will not be bound to follow the recommendation of the Referee, The Florida Bar or the Board of Governors in these proceedings.

3

11. Respondent agrees that this Disbarment on Consent shall have full force and effect regardless of any subsequent recommendation or action taken with respect to the terms of discipline.

12. Respondent acknowledges that this document is tendered freely and voluntarily, and without fear, threat or coercion.

DATED this ____ day of June, 2015.

_____
VICTOR ARMANDO CAREAGA
Respondent
Record bar address:
175 Southwest 7th Street, Suite 1804
Miami, Florida 33130-2959
(305) 222-7836
Florida Bar No. 624896
vac@careagalaw.com

Other known address:
10510 Northwest 74th Street
Apartment No. 203
Medley, Florida 33178
(305) 439-8325
victorcareaga@yahoo.com

4

Approved by:

_____
TONYA L. AVERY
Bar Counsel
The Florida Bar - Miami Branch Office
444 Brickell Avenue
Rivergate Plaza, Suite M-100
Miami, Florida 33131-2404
(305) 377-4445
Florida Bar No. 190292
tavery@flabar.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the above and foregoing Permanent Disbarment On Consent was e-mailed to Tonya L. Avery, Bar Counsel, The Florida Bar, at tavery@flabar.org on this 5 day of June, 2015.

_____
VICTOR ARMANDO CAREAGA
Respondent

5