**SEALED**

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE MATTER OF THE *EX PARTE* APPLICATION OF THE RENCO GROUP INC. AND THE DOE RUN RESOURCES CORPORATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicants.

Case No. _____

**ORDER ON *EX PARTE* APPLICATION FOR AUTHORIZATION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Before the Court is the Applicants', The Renco Group Inc. ("Renco") and The Doe Run Resources Corporation, also known as The Doe Run Company, ("Doe Run") (together, the "Applicants"), *ex parte* application for an order to take discovery pursuant to 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure (the "Application"). As set forth below, the Court **GRANTS** the Application.

I.     **BACKGROUND FACTS AS ALLEGED BY THE APPLICANTS**

Renco and Doe Run are the formal complainants in a Peruvian Criminal Investigation, investigating a coordinated fraud scheme, directed by certain American lawyers, to recruit Peruvian citizens to claim they were injured by emissions from a metallurgical complex in La Oroya, Peru and then forged, doctored or fabricated evidence to support those claims. With those

fake claimants in place, the lawyers brought thousands of consolidated lawsuits against Renco and Doe Run in the United States District Court for the Eastern District of Missouri.[1]

Victor Careaga, a disbarred attorney in Miami, was the main supervisor of the local plaintiff recruitment team in La Oroya, Peru, from approximately 2006 until at least 2013. [Doc. 1 at *Denuncia* ¶ II.6; Curi Aff. ¶ 9; Romero Aff. ¶¶ 11-12]. Careaga oversaw the engagement of plaintiffs and the gathering of supporting documents for use as evidence in the Missouri Lawsuits. [Doc. 1 at *Denuncia* ¶¶ II.1, 3.6; Curi Aff. ¶ 9; Romero Aff. ¶¶ 7, 11-12]. Specifically, Careaga:

- Led initial meetings to gather recruiters in Peru;

- Supervised the local recruitment team in Peru and instructed recruiters on strategy and tactics for signing up plaintiffs;

- Arranged for secret payments from American law firms leading the Missouri Lawsuits to branches of the Peruvian government's *Vaso de Leche* program in order to sign up plaintiffs by leveraging the program's benefits; and

- Oversaw the compilation, notarization, and falsification of files for each plaintiff, to be used as evidence in the Missouri Lawsuits.

[Doc. 1 at Romero Aff. ¶¶ 7, 10-12, 23-27; Curi Aff. ¶ 9]. Accordingly, he likely has information about all those unlawful activities.

For at least part of the time that he supervised the recruitment process, Careaga reported directly to Schlichter Bogard & Denton ("SB&D"), the Missouri law firm coordinating the Missouri Lawsuits. [Doc. 1 at *Denuncia* ¶ III.6; Curi Aff. ¶ 9]. Although initially Careaga was on the record as a lawyer in one of the lawsuits, his Florida law license was revoked by the Florida Bar in 2013 for unaccounted trust funds, and he was permanently disbarred in Florida in 2015 for practicing law after his license was revoked. [Doc. 1 at *Denuncia*, ¶ III.6; Consolidate Exhibit E].

---

[1] The currently active cases in Missouri are: *A. et al. v. Doe Run Resources Corp. et al.*, 4:11-cv-00044-CDP (E.D. Mo.) and *Father Chris Collins et al v. The Doe Run Resources Corp. et al.*, 4:15-cv-01704-RWS (E.D. Mo.).

Pursuant to 28 U.S.C. § 1782, Applicants seek discovery in the form of a deposition and production of documents from Careaga, who resides in this district, for use in the ongoing Peruvian Criminal Investigation because Careaga played a central and directory role in the fraudulent recruitment scheme. Applicants seek an order from this Court authorizing it to issue and serve a subpoena duces tecum on Careaga. [Doc. 1].

## II.     DISCUSSION

The Application for the issuance of an order to take discovery is brought pursuant to 28 U.S.C. § 1782. Section 1782 authorizes District Courts to order persons located in the United States to produce discovery for use in foreign legal proceedings. 28 U.S.C. § 1782(a). To obtain discovery under Section 1782, an applicant must establish four statutory prerequisites: (i) the person from whom discovery is sought resides or is found within the District; (ii) the request seeks evidence, whether the "testimony or statement" of a person or the production of a "document or other thing"; (iii) the discovery is "for use" in a proceeding before a foreign or international tribunal, "including criminal investigations conducted before formal accusation"; and (iv) the applicant is an interested person.  28 U.S.C. § 1782; *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014).

Once the statutory prerequisites are satisfied, courts consider four discretionary factors set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004): (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (iii) whether the application "conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies"; and (iv) whether the discovery sought is "unduly intrusive or burdensome[.]" *Id.* at 264-65.

The Court finds that all the statutory prerequisites have been satisfied and that consideration of all four discretionary factors militates in favor of approving the Application.

**I.      Statutory Requirements of 28 U.S.C. § 1782**

First, the Discovery Target, Victor Careaga, resides or is otherwise found in this District, in Miami-Dade County.  Public information lists his most recent address as 7771 NW 7th Street, Apartment 521, Miami, Florida 33126. [Doc. 1 at Composite Exhibit E].

Second, this Application seeks specific, targeted documentary and testimonial evidence from Careaga. [Doc. 1 at Exhibit A]*; see also*, *Consorcio Ecuatoriano*, 747 F.3d at 1269 (affirming an application that "seeks evidence in the form of document production and deposition testimony" as proper under Section 1782); *Novoship*, 2020 WL 3286308, at *3 (subpoenas seeking testimony and production of documents satisfy this requirement).

Third, the requested discovery is "for use in a foreign or international tribunal." U.S.C. § 1782.  The Peruvian Criminal Investigation qualifies as a "foreign proceeding" under Section 1782.  Indeed, in describing the kinds of foreign proceedings for which Section 1782 permits discovery, the statute expressly includes "criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 258 (holding that proceedings that have not "progressed beyond the investigative stage" can qualify for discovery under Section 1782).  Ongoing foreign criminal investigations, like the Peruvian Criminal Investigation here, satisfy the "for use" requirement.  *See, e.g.*, *In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, No. 08-20378-MC, 2011 WL 181311, at *9 (S.D. Fla. Jan. 19, 2011) (ongoing criminal investigation in Honduras by the Public Prosecutor's Office qualifies as a

4

foreign proceeding for purposes of Section 1782, even though formal charges had not been brought); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 648 F. Supp. 464, 466 (S.D. Fla. 1986), *aff'd*, 848 F.2d 1151 (11th Cir. 1988) (a request for "production of certain documents in order to assist an ongoing criminal investigation" conducted by the Director of Public Prosecutions of Trinidad and Tobago and the Trinidad and Tobago Police Service satisfies this requirement); *In re Request from Czech Republic Pursuant to Treaty Between U.S. & Czech Republic on Mut. Assistance in Criminal Matters in Matter of Tomka*, No. 3:07-MC-47-J-32TEM, 2007 WL 4049949, at *2 (M.D. Fla. Nov. 15, 2007) (Section 1782 discovery was properly sought "for use" in a criminal investigation conducted by the District Attorney's Office in Prague).

Fourth, the Applicants are "interested persons" under the statute because they both are the complainants in the Peruvian Criminal Investigation and the victims of the fraud. *Furstenberg*, 2016 WL 10707012, at *4 ("[B]ecause Applicants will be parties in a criminal action against JMP, thus possessing the 'participation rights' relied upon by the Supreme Court, this Court finds that Applicants satisfy the 'interested persons' element of Section 1782.").

**II.     The *Intel* Discretionary Factors**

First, the discovery target is not a party to the foreign proceeding. *See Intel*, 542 U.S. at 264. Indeed, Careaga is not a participant in the Peruvian Criminal Investigation. *See, e.g.*, *In re Republic of Argentina*, 2020 WL 3046029, at *2 (S.D. Fla. Feb. 12, 2020) (holding that when the discovery target "is not a party to the foreign proceeding . . . the first factor weighs in favor of Petitioner").

Second, the foreign tribunal is receptive to the requested discovery. This factor weighs against granting a Section 1782 application only if there is "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782." *In re MTS Bank*, No. 17-21545-

5

MC, 2017 WL 3276879, at *8 (S.D. Fla. Aug. 1, 2017) (emphasis in original); *accord Mesa* (this factor "weighs against judicial assistance when the opposing party shows that the foreign tribunal actively opposes the discovery"). Here, not only is there no suggestion that the Peruvian tribunal would reject evidence gathered via Section 1782, but evidence obtained through this Application will be usable in the pending Peruvian Criminal Investigation. [Doc. 1 at Peña Decl. ¶ 19]; *see also In re N. Am. Potash, Inc.*, No. 12-20637-CV, 2012 WL 12877816, at *8 (S.D. Fla. Nov. 19, 2012) ("[F]or purposes of § 1782, district courts should consider neither discoverability or admissibility in the foreign proceeding."), *report and recommendation adopted*, No. 12-20637, 2013 WL 12113190 (S.D. Fla. Mar. 13, 2013).

Third, Renco and Doe Run seek this discovery in good faith and are not "actively seeking to circumvent the foreign tribunal's discovery methods and restrictions," which is necessary for this factor to "counsel against section 1782 relief." *Mesa*, 878 F. Supp. 2d at 1305. Under Peruvian law, there criminal complainants and victims enjoy broad latitude in their ability lawfully to gather evidence that they may wish to provide to prosecutors to aid them in their investigation. [Doc. 1 at Peña Decl. at 19].

Lastly, the Applicants' discovery requests are not unduly intrusive or burdensome. To satisfy this requirement, the discovery requests must "appear to be narrowly tailored to the issues presented in the criminal investigation underway in [the foreign country]." *In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, 2011 WL 181311, at *13. Here, the discovery requests are appropriately tailored to capture evidence to assist in the ongoing Peruvian Criminal Investigation. The proposed subpoena *duces tecum* seeks a discrete universe of documents relating to the criminal actions under investigation in Peru. Specifically, it seeks Careaga's testimony, and documents in his possession, custody or control, related to illicit or

6

improper monetary transfers or inducements to potential Peruvian plaintiffs or their families; details about improper recruitment tactics used in Peru; the falsification, forgery, or improper notarization of documents; and closely related issues. Thus, the requests are not "unduly intrusive or burdensome." *See Inversiones*, 2011 WL 181311, at *13 (allowing discovery under 1782 absent "specific showing" of burden or intrusive nature of request by respondent); *Mesa*, 878 F. Supp. 2d at 1306 (S.D. Fla. 2012) ("no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored.").

### III.    CONCLUSION

For all the foregoing reasons and based upon the cited authority, Renco and Doe Run's application for authorization to take discovery is **GRANTED**. Renco and Doe Run are authorized, under U.S.C. § 1782(a), to seek discovery from Victor Careaga pursuant to the Federal Rules of Civil Procedure by issuing and serving the proposed subpoena *duces tecum* (annexed to the Application as Exhibit A) on Careaga, by conducting Careaga's deposition and by requiring Careaga to produce the documents listed there. The Application and this order shall remain *ex parte* and under seal.

**IT IS SO** ORDERED, this _____ day of April 2022.

_____
UNITED STATES DISTRICT COURT JUDGE