UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE MATTER OF THE *EX PARTE* APPLICATION OF THE RENCO GROUP INC. AND THE DOE RUN RESOURCES CORPORATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>      Applicants. | Case No. 22-MC-21115-JAL |

**MOTION TO COMPEL THE DEPOSITION OF VICTOR CAREAGA
AND INCORPORATED MEMORANDUM OF LAW**

Petitioners The Renco Group Inc. and Doe Run Resources Corporation move this court for an order compelling the appearance of Victor A. Careaga for deposition, for his production of documents, and for sanctions including costs and fees.

**I.      Introduction**

Flouting the rules and authority of this Court, ignoring the obligations imposed on him by a duly-served subpoena and timely notice of deposition, reneging on his own promise to appear on a day and at a time of his choosing, and having never troubled even to file a motion for protective order, Careaga, on the day of his deposition, simply chose not to appear.  His attendance should be compelled and his contumacious behavior should be sanctioned.

**II.      PROCEDURAL BACKGROUND**

In April 2022, Renco and Doe Run filed a petition for an *Ex Parte* Order from this Court, pursuant to 28 U.S.C. § 1782, authorizing them to take discovery from Careaga, a Southern District of Florida resident, in support of a criminal investigation underway in Peru. ECF No. 1. On June 8, 2022, the Court granted Applicants the Petition to depose Careaga and unsealed the

application. ECF Nos. 8 and 9. After the 1782 petition and its subpoena were unsealed, Careaga, acting pro se, filed an objection, relying entirely upon and adopting in full the motion for an antisuit injunction pursuant to the All Writs Act, filed by attorneys at his employer, Rodriguez Tramont & Nuñez, P.A., in two toxic tort cases pending in the Eastern District of Missouri.[1] ECF 10. For the sake of good order, petitioners agreed to forestall pursuit of discovery under the § 1782 order until the All Writs Act was resolved, and notified the Court of that intent. *See J.Y.C.C., et al v. Doe Run Resources, Corp., et al*, Case. No. 4:15-cv-01704-RWS, ECF 680.

After extensive briefing, the Missouri judges jointly heard argument on the All Writs Act in October 2022 and, on January 26, 2023, Judge Sippel denied the antisuit injunction, recognizing that a Missouri district court lacked the authority to enjoin this Court to frustrate the purpose of the § 1782 process (or to halt proceedings in the Florida state court, where Careaga was the subject of a malicious prosecution action). That cleared the way for the deposition—which petitioners had postponed as a courtesy—to proceed.[2]

Immediately thereafter, petitioners began to speak with Careaga to schedule his deposition. From first contact with him, and throughout these conversations, Careaga maintained in every instance that he was proceeding pro se[3]; that the Rodriguez firm is his employer, but no one there is his lawyer. Likewise, on various occasions—including during meet-and-confer discussions regarding their Motion to Intervene in this matter (ECF 20)—lawyers at the

---

[1] The cases, in the Eastern District of Missouri, are *J.Y.C.C., et al v. Doe Run Resources, Corp., et al*, Case. No. 4:15-cv-01704-RWS, presided by the Honorable Rodney W. Sippel, and *A.O.A., et al. v. Ira L. Rennert, et al.*, Case No. 4:11-CV- 44-CDP, presided by the Honorable Catherine D. Perry (together the "Missouri lawsuits). Attorneys for Napoli Shkolnik PLLC, also representing plaintiffs in the Missouri cases, also joined the motion on their respective clients' behalf.

[2] At his instruction, a copy of Judge Sippel's order was filed in this matter. ECF 13-1.

[3] Careaga is a disbarred Florida attorney.

Rodriguez and Napoli firms steadfastly maintained that they are not Careaga's lawyers.

On January 30, 2023, Careaga named March 7, 2023 at 10:00 a.m. as his preferred date and time. *See* Scheduling Email attached as Exhibit A. Careaga was served with the subpoena on February 1, 2023, and he accepted service via email on February 9, 2023. *See* Email accepting service attached as Exhibit B. He was thereafter served with a Notice of Taking deposition on February 28, 2023, confirming the date, time and place. In every instance, the subpoena for deposition duces tecum was the subpoena approved by this Court in June 2022.

To the date of this filing, Careaga has never filed, and no one has filed on his behalf, *any* motion seeking relief from his obligation to attend the deposition to which he agreed and for which he was subpoenaed and noticed.

Meanwhile, despite Judge Sippel ruling that Applicants "have the right to seek discovery in aid of the criminal investigation underway in Peru" [ECF 13-1], the Napoli and Rodriguez law firms, on February 15, 2023, moved to intervene and stop the deposition, claiming production of the documents sought would invade the attorney-client privilege of plaintiffs in the Missouri actions. ECFs 15-18. The motions were stricken by Judge Louis for multiple procedural failings. The law firms sought the same relief under different format February 27, 2023. ECF 20.[4] Numerous correspondences and conversations followed the filing of the motion to intervene.[5] At no time—despite repeated inquiries by petitioners' counsel—did the law firms or Careaga waver from the position that Careaga is unrepresented. Accordingly, none of the papers the law firms

---

[4] Petitioners will timely file their response to the motion on or before its March 13, 2023 due date. For purposes of this motion, it suffices to say that the motion to intervene fails because the law firms cannot establish the requirements for intervention and they lack standing to ask the court to vacate its 1782 order, entered some nine months ago, to which they are not a party.

[5] Hoping to spare the Court being overwhelmed by a welter of exhibits, we have included only the most relevant of the often repetitive correspondences here.

have filed were filed on Careaga's behalf.

Even so, petitioners' counsel advised Careaga (at the same time they were advising the Rodriguez law firm, although they needn't have bothered, since Careaga and the law firms were clearly in communication—if not to say in cahoots) that they were not seeking current plaintiff information. *See* Email between R. Kuntz and V. Careaga attached as Exhibit C.[6] Careaga acknowledged receipt of the email. Further, petitioners' counsel again assured that the documents to be produced should be limited, for now, to the plaintiffs' lawyers' conception of Judge Sippel's order. *See* email from R. Kuntz to the law firms attached as Exhibit D. And petitioners' counsel reiterated that "[w]ith preparations for the deposition essentially complete, I can tell you that I do not anticipate asking Mr. C **any** questions at all that will invade the attorney-client privilege of any plaintiff—current, former or prospective." *Id.* (emphasis in original).

Beyond these reassurances regarding the documents requested, petitioners' counsel repeatedly pointed out that, with respect to the *examination* to be conducted at the deposition (1) it was improper for a witness simply to refuse to attend on the bare *possibility* a question *might* invade a privilege; and that (2) petitioners' counsel had carefully constructed his inquiry so that no question for Careaga *would* touch on the privilege of any Rodriguez firm client—present, past

---

[6] "For the avoidance of doubt, let us be clear: **We do _not_ seek from you discovery specific to any plaintiff whose claim is currently pending in the Missouri litigation (the only limitation that Judge Sippel placed on discovery in the Florida matters)**." (emphasis in original).

or prospective.[7,8]

Despite continued representations that the law firms did not represent Careaga, the Rodriguez firm then sent a letter to petitioners' counsel after hours on Friday, March 3, where they "follow[] up on [the] email of yesterday evening to Mr. Careaga, which he forwarded to us." In this letter, Frank Rodriguez repeated the law firms' objections to the deposition, and asked that it be postponed to some indefinite time 10 days after the Court addressed his dubious motion to intervene.

On Monday afternoon, March 6, the day before his scheduled deposition, Careaga wrote to say that "[b]ased on all the emails exchanged, which I have read, I am extremely uncomfortable appearing for deposition until such time as the Court addresses and resolves the issues both sides have taken." *See* Email from Careaga dated March 6, 2023 attached as Exhibit E.[9] Petitioners' counsel wrote back, reminding him of his obligation to appear. *See* Email to

---

[7] This point bears emphasizing. Whatever issues the Rodriguez and Napoli firms wish to raise about the documents Careaga is bound to produce, it beggars logic for them to seek shut down on privilege grounds, or for Careaga to refuse to attend, an entire examination where the first question has yet to be asked. The proper means to address deposition questions that might invade the privilege—and, again, petitioners' counsel plans that none here will do so—is to allow the question to be asked, and for the party or his attorney then to lodge a proper objection if warranted. If the witness declines to answer, the question may then be skipped over, for later evaluation by the court, and the examination proceeds until another privilege issue arises. But a witness may not simply refuse to appear on the notion that *anything* asked of him must necessarily be an invasion of some privilege. *United States v. Eighty Thousand Six Hundred Thirty-Three Dollars ($80,633.00) in United States Currency*, 2006 WL 8457242, at *2 (M.D. Ala. 2006) ("The assertion of the privilege may not be a blanket refusal to attend a noticed deposition and to testify or respond to a request for production of documents.")

[8] Likewise, given that Peruvian investigation is looking into allegations of systemic misconduct with respect to recruiting plaintiffs for the Missouri lawsuits, including issues of forgery, fraud and misrepresentation, it is certainly possible that any privilege claims that might legitimately be raised will fall to the crime-fraud exception.

[9] At this point that any pretense that Careaga was not acting at the direction of his employers, the Rodriguez firm, or that the firm was not directing the actions of the supposedly pro se witness to subvert this deposition, is a mummer's farce. But, taking these parties at their dubious word, if

5

Careaga dated March 6, 2023 attached as Exhibit F. Careaga did not respond.

On the morning of March 7, 2023, still having filed nothing with this Court, Careaga simply chose not to appear. *See* Certificate of Non-Appearance attached as Exhibit G.

Petitioners now move to compel his attendance at deposition, for a sanction of fees and costs, and for disclosure of his communications with Rodriguez and Napoli law firms coordinating his nonappearance. If those communications reveal that attorneys at either firm actively encouraged or pressured Careaga to defy his subpoena, petitioners reserve the right to seek sanctions against those law firms.

### III.     ARGUMENT AND MEMORANDUM OF LAW

Careaga and the law firm that employs— but, by their mutual, adamant and repeated insistence, does not *represent*—him, have known this deposition was coming for nine months, since Judge Lenard granted and unsealed the 1782 application. Since February 1, 2023, Careaga has known the precise day and time it would occur—a day and time of his own choosing.  But although he did, twenty hours before the deposition was to convene, write to indicate his "discomfort" with the deposition, Careaga never took any of the steps provided for in the Rules of Civil Procedure or of this Court to seek relief from the subpoena. He didn't object. He didn't move to quash. He didn't seek a protective order.

That Careaga should be compelled to attend his deposition is self-evident. "Under Rule 37(d)(2), a failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Spano v. Satz*, 2010 WL 11515690, at *2 (S.D. Fla. 2010) (cleaned up).

---

they are not counsel and client, then their communications leading up to Careaga's failure to appear are not subject to any privilege. Those communications are now clearly at issue. The Court can and should require Careaga, the Rodriguez firm and the Napoli firm to produce those documents.

"Moreover, courts have not excused deposition attendance even where the party has a pending motion for protective order when the objecting party's actions do not evidence a realistic attempt to secure a protective order." *Id.* (citing *Barnes v. Madison*, 79 Fed. Appx. at 691, 706 (5th Cir. 2003) ("where a party served with a deposition notice filed a motion for protective order three days before her scheduled deposition, '[party] could hardly have expected in good faith to receive a court order excusing her attendance' and granting sanctions against the non-appearing party"). In fact, even with a motion for protective order pending, a witness risks severe sanction for simply refusing to appear if there is no order relieving him of that obligation. *Mene v. Marriott Inter., Inc.*, 238 Fed. Appx. 579, 581 (11th Cir. 2007) (where party witnesses filed motion for protective order two days before a deposition ordered by the court, the court did not abuse its discretion by dismissing the parties' claims when, not having received an order, they failed to appear at deposition). How much more obvious and egregious is the misconduct here, where Careaga never even troubled to file such a motion, but unilaterally decided to grant himself that relief?

Circumstances like this demand a stern response. Beyond merely compelling Careaga's immediate attendance at his deposition, in accord with Rule 37, this Court has the power—and the obligation—to award sanctions for such a flagrant refusal to appear without excuse. In according with Rule 37(d)(1)(A)(3), a court *must* require the party failing to attend his or her deposition to pay reasonable expenses, including attorney's fees, unless the failure was "substantially justified or other circumstances make an award unjust." *Spano*, 2010 WL 11515690, at *2 (emphasis in original); *accord Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 916 (11th Cir. 2010) ("Rule 37 requires the award of attorneys' fees and costs

that are incurred as a result of a party's failure to appear for his deposition, unless the failure to appear was justified or other circumstances would make the award unjust.").

Nothing about Careaga's non-appearance was justified, substantially or otherwise. Careaga's failure to file any motion at all prior to his deposition makes that clear. Meanwhile, the petitioners' attorneys, Doe Run's general counsel (flown in from St. Louis), an investigator, a court reporter, and a videographer all were in their seats[10] at 10 a.m. on March 7, ready to begin the deposition for which Careaga was duly subpoenaed, timely noticed and to which he had agreed.

Further, time is of the essence here—as Careaga and the law firms are all too well aware. The progress of the Peruvian criminal investigation is dependent, in part, on the discovery to gathered from Careaga, who operated at the center of criminal activities there. Criminal investigations do not last forever, and if the prosecutor is denied useful evidence, the Peruvian investigation could be concluded without it being considered. Thus the law firms have engineered to delay this process, first by filing the baseless anti-suit injunction in Missouri courts, and Careaga has now assisted his employers—and sought to continue to avoid prosecution in Peru—by sabotaging his deposition, sought since April 2022.

For the good reasons stated here, petitioners request the Court:

1. Order Careaga to appear for deposition at undersigned counsel's office within three business days of the Court's order for the taking of his deposition and to produce the documents demanded in the subpoena duce tecum;

---

[10] Additional members of the petitioners' team were in attendance remotely.

2. Impose, as a sanction, the costs and fees incurred by the petitioners for Careaga's non-appearance, the amount to be determined by the submission of an declaration of costs;

3. Order Careaga to produce at his deposition, in addition to the documents listed in the subpoena, all communications between him and the Rodriguez or Napoli firms (all having repeatedly affirmed they are not counsel and client), or any other person, related to his non-appearance.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I certify that Robert Kuntz, Esq., for the movants, communicated with Victor Careaga regarding this motion, calling his phone twice (from separate numbers) and leaving voice mails, and sending him two emails at his email service address. Near the close of business Thursday, March 9, he responded via email stating that he would not provide his position until "no later than tomorrow." Because of time is of the essence, the motion is being filed.

Dated: March 9, 2023

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for The Renco Group, Inc. and The Doe Run Resources Corporation*
2525 Ponce de Leon Blvd. Suite 1000 Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ *Robert J. Kuntz*
   Robert J. Kuntz, Jr.
   Florida Bar No. 94668
   rkuntz@riveromestre.com
   Jorge A. Mestre

Florida Bar No.: 88145  
jmestre@riveromestre.com  
Angelica Mecias  
Florida Bar No. 1031690  
amecias@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on March 9, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF and via email to pro se party Victor Careaga at victoracareaga23@gmail.com.

/s/ <i>Robert J. Kuntz</i>  
Robert J. Kuntz, Jr.