# Exhibit D

| | |
|---|---|
| From: | Robert Kuntz |
| To: | Susana Elzey; Jorge A. Mestre; PLanciotti@NapoliLaw.com; KChesebro@NapoliLaw.com; Andres Rivero |
| Cc: | Frank Rodriguez; Paulino Nunez; Angelica Mecias |
| Subject: | RE: Case 1:22-mc-21115-JAL In Re: The Renco Group Inc. and the Doe Run Resources Corporation |
| Date: | Friday, March 3, 2023 11:50:36 AM |
| Attachments: | EXTERNAL Re Clarification regarding production of documents at your deposition on Tuesday March 7 2023..msg |

Mr. Rodriguez:

Victor Careaga is properly subpoenaed and noticed, and his deposition is set for the day, time and place at which he agreed to appear. While you have just this week confirmed to us that neither your firm, nor the Napoli firm, represents him, although you may not be his counsel, you are his employer, so I cannot imagine you don't already know this.

I find it odd, too, that you state in your letter that you "stand willing to work with [us] to expedite resolution of the matters raised [your] motions, without delay." When we spoke on the phone on Monday to meet and confer on your motion, I told you that, although both your proposed intervention and your motion to vacate Judge Lenard's order granting the 1782 petition are baseless, I was certainly willing to discuss your motion as if it were a proper Rule 45 objection. I offered to go through the Careaga document requests item by item and see how we might limit or revise the requests to allay your concerns. You declined to do so. Instead you re-filed your ill-advised, factually flawed papers unchanged with Magistrate Judge Louis.

All that aside, you doubtless already know that we have clarified with Mr. Careaga that we are not seeking, and he should not produce, documents relating to specific current plaintiffs in the Eastern District of Missouri actions. (On the extremely unlikely chance he has not already shared it with you, I've attached our correspondence with Mr. Careaga from yesterday.) Accordingly, insofar as your papers might have raised any legitimate concerns about documentary discovery regarding current plaintiffs, those concerns have been laid entirely to rest.

**For the avoidance of doubt, let me reiterate: Mr. Careaga has been advised—and he has confirmed that he has been advised—that we are not**

**seeking, and he need not produce, documents related to current plaintiffs. Any continued pursuit by your office to obtain a protective order granting the relief you have already thus been afforded, could only be frivolous.**

With respect to the deposition itself, even if you were Mr. Careaga's attorney—and, again, you have assured us you are not, as has he—you could not properly suggest postponing a deposition on the basis that questions that haven't yet been asked *might* invade a privilege. The proper way to proceed is for the witness to receive the question and for his counsel then to object if it is encroaching on privilege. Mr. Careaga (or his attorney, should he bring one) is free to object to a question he thinks improper, or to refuse to answer one he thinks invades the privilege. Then we are free to raise those specific objections or refusals with the Court. But until a question is asked, there is no conceivable basis on which to object to it – let alone is that a basis to postpone this deposition that we have been seeking for nearly a year.

As it happens, however, you may rest easy regarding even those academic concerns, as well. With preparations for the deposition essentially complete, I can tell you that I do not anticipate asking Mr. C *any* questions at all that will invade the attorney-client privilege of any plaintiff – current, former or prospective.

In light of the foregoing, we will not postpone Mr. Careaga's deposition. He is under compulsion of a subpoena. He is properly noticed. He has agreed to the date and time of the deposition and promised he would appear.

Under the current circumstances, should Mr. Careaga fail to appear, he would be subject not only to a motion to compel, but to sanctions. *Spano v. Satz*, 09-60255-CIV, 2010 WL 11515690, at *2 (S.D. Fla. May 3, 2010); *In re Steffen*, 433 B.R. 879, 883–84 (M.D. Fla. 2010); *Kelly v. Old Dominion Freight Line. Inc.*, 2010 WL 1676772 (11th Cir.2010); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602 (11th Cir.1984)

We expect to see Mr. Careaga on Tuesday at 10:00 a.m.

Very truly yours,

### RIVERO MESTRE

**Robert Kuntz**
Partner
Rivero Mestre LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(O) (305) 445-2500 **|** (D) (786) 746-8209
(C) (786) 942-7759 **|** (F) (305) 445-2505
rkuntz@riveromestre.com
www.riveromestre.com **|** Bio **|** LinkedIn **|** Vcard

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Susana Elzey <se@rtgn-law.com>
**Sent:** Thursday, March 2, 2023 4:24 PM
**To:** Robert Kuntz <rkuntz@riveromestre.com>; Jorge A. Mestre <jmestre@riveromestre.com>; PLanciotti@NapoliLaw.com; KChesebro@NapoliLaw.com; Andres Rivero <arivero@riveromestre.com>
**Cc:** Frank Rodriguez <frr@rtgn-law.com>; Paulino Nunez <pan@rtgn-law.com>; Susana Elzey <se@rtgn-law.com>
**Subject:** [EXTERNAL] Case 1:22-mc-21115-JAL In Re: The Renco Group Inc. and the Doe Run Resources Corporation

**This Message originated outside your organization.**

---

Dear Mr. Kuntz:  Please see correspondence from Mr. Frank Rodriguez.

Thank you,

Sue Elzey, Legal Assistant
Rodriguez Tramont & Nuñez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134
Telephone: 305-350-2300

Facsimile: 305-350-2525

Email: se@rtgn-law.com

www.rtgn-law.com

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Rodriguez Tramont & Núñez, P.A. for any loss or damage arising in any way from its use.